# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COTTRELL #1528493 | § | |
| | § | |
| V. | § | A-09-CA-727-SS |
| | § | |
| BURNET COUNTY SHERIFF'S OFFICE, | § | |
| SHERIFF JOE POLLOCK, SGT. | § | |
| BENNETT, OFFICER BLAKE and | § | |
| OFFICER ARMBRUSTER | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Holliday Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains of his previous confinement in the Burnet County Jail from the end of May 2008 until the middle of June 2008.

1

Plaintiff alleges he was kept in administrative segregation at the Burnet County Jail due to his medical condition. As a result, Plaintiff asserts he was denied privileges given to other inmates. Plaintiff sues the Burnet County Sheriff's Office, Sheriff Joe Pollock, Sergeant Bennett, Officer Blake, and Officer Armbruster. After consideration of Plaintiff's complaint, he was ordered to file a more definite statement, specifying what each defendant did to violate his constitutional rights and what harm he suffered.

Plaintiff alleges Sheriff Pollock imposed classification and housing procedures to segregate those with medical conditions and in need of protective custody from the general population. According to Plaintiff, inmates with such conditions are held in cells used for disciplinary reasons. As a result, those inmates do not receive the same basic privileges as inmates in general population. Specifically, Plaintiff complains he had limited access to television, recreation, and reading materials. He also alleges he was denied the opportunity to become a trusty, which could have increased his time credits. With regard to Sergeant Bennett Plaintiff alleges she enforced the classification and housing policies. Plaintiff alleges that Officer Blake told him his medical condition could pose security issues should it become general knowledge. With regard to Officer Armbruster Plaintiff alleges she informed Plaintiff nothing could be done to change his classification. Plaintiff contends all of these things caused him stress, depression, anxiety and mental anguish. He seeks $10 million.

## DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Physical Injury

Plaintiff's complaint is deficient under Section 1983 because he fails to allege "physical injury" sufficient to support his claim for monetary damages. Specifically, the Prison Litigation Reform Act of 1996 includes the following requirement in 42 U.S.C. § 1997e(e): " No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." Plaintiff does not allege any specific "injuries" in this case but complains of lack of access to a television, adequate recreation and reading materials, during his brief confinement in the Burnet County Jail.

In recent decisions, the Fifth Circuit has consistently enforced the statutory physical injury requirement for prisoners who seek compensatory damages for intangible emotional or psychological harm, such as has been alleged by Plaintiff in this case. Hutchins v. McDaniels, 512 F.3d 193, 196 (5th Cir. 2007); Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). The statute applies to both Section 1983 and ADA claims. Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998).

In this case, Plaintiff has not alleged any physical injuries of any kind as a result of the alleged deprivations. As Section 1997e(e) provides and Fifth Circuit case law makes clear, Plaintiff is precluded as a matter of law from recovering damages for the psychological or other emotional injury he has asserted.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of October, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE